# EXHIBIT A



**null / ALL**
**Transmittal Number: 29549156**
**Date Processed: 07/23/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Christine DiDomizio<br>Jaguar Land Rover North America, LLC<br>100 Jaguar Land Rover Way<br>Mahwah, NJ 07495-1100 |
| **Electronic copy provided to:** | Ricardo Tapia<br>Ramsey Ong<br>Nadira Kirkland<br>Patricia Bradley<br>Agnes Wegiel<br>Timothy Fleming |

| | |
|---|---|
| **Entity:** | Jaguar Land Rover North America, LLC<br>Entity ID Number  3279821 |
| **Entity Served:** | Jaguar Land Rover North America, LLC |
| **Title of Action:** | James Evans vs. Jaguar Land Rover North America, LLC |
| **Matter Name/ID:** | James Evans vs. Jaguar Land Rover North America, LLC (16020937) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Alameda County Superior Court, CA |
| **Case/Reference No:** | 24CV083947 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/23/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Goldsmith West<br>310-620-8560 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/18/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _D. Drew_ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JAGUAR LAND ROVER NORTH AMERICA, LLC and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES EVANS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, County of Alameda
1225 Fallon Street, Oakland California 94612

CASE NUMBER: *(Número del Caso):*
**24CV083947**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Goldsmith West, A Professional Law Corporation
David Goldsmith, Phuc Minh ("Peter") Le, 609 Deep Valley Drive, Suite 200, Rolling Hills Estates, California 90274, Tel: +1 (310) 620-8560.

Chad Finke, Executive Officer / Clerk of the Court

DATE: 07/18/2024
*(Fecha)*
Clerk, by _D. Drew_, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Jaguar Land Rover North America, LLC

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☒ by personal delivery on *(date):* 07/23/2024

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 485
*www.courts.ca.gov*

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
07/18/2024 at 04:28:00 PM
By: Darrell Drew,
Deputy Clerk

1  **GOLDSMITH WEST,**
**A Professional Law Corporation**
2  David A. Goldsmith (State Bar No. 232457)
Phuc Minh ("Peter") Le (State Bar No. 313323)
3  609 Deep Valley Drive, Suite 200
Rolling Hills Estates, California 90274
4  Tel: +1 (310) 620-8560 ▪ Fax: +1 (310) 861-5527
*firm@goldsmithwest.com*
5
Attorneys for Plaintiff James Evans
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **COUNTY OF ALAMEDA**

10          **OAKLAND- RENE C. DAVIDSON COURTHOUSE**

11

12  JAMES EVANS,                              Case Number  **24CV083947**

13                                            **COMPLAINT**
                        Plaintiff,
14                                            **DEMAND FOR ELECTRONIC SERVICE**

15  v.                                        **DEMAND FOR JURY TRIAL**

16
JAGUAR LAND ROVER NORTH
17  AMERICA, LLC and DOES 1 to 50,

18
                        Defendants.
19

20         Plaintiff alleges as follows:

21                         **Common Allegations**

22      1.      As used in this Complaint, the word "Plaintiff" shall mean Plaintiff James Evans.

23      2.      Plaintiff is ignorant of the true names and capacities of the Defendants sued under

24  the fictitious names DOES 1 to 50.  They are sued pursuant to Code of Civil Procedure section

25  474.  When Plaintiff becomes aware of the true names and capacities of the Defendants sued as

26  DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

27      3.      Defendants DOES 11 to 50 are persons who conspired to commit, aided, abetted,

28  and/or ratified the conduct alleged in this Complaint.

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

- 1 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

4.      On or about August 28, 2022, Plaintiff purchased a 2020 Land Rover Range Rover Sport (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendants Jaguar Land Rover North America, LLC and DOES 1 to 10 (hereafter "Defendant Warrantor"). The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $121,000.84.  The Vehicle was purchased and/or used primarily for personal, family, or household purposes, or qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section 1793.22.  Plaintiff purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5.      Plaintiff's agreement to purchase the Vehicle was memorialized in a written document which provides, among other things, that "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF." Defendants DOES 21 through 30 are or, at one time, were holders of the contract and are thus subject to all claims and defenses which Plaintiff could assert against the seller.

6.      In connection with the purchase, Plaintiff received an express written warranty in which Defendant Warrantor undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time.  The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant Warrantor's representative and the Vehicle would be repaired.

7.      During the warranty period, the Vehicle contained or developed various defects, including, but not limited to, defects which cause the Vehicle's infotainment system to glitch, freeze, shut off, restart spontaneously, and take a long time to load while driving; defects which cause the Vehicle's air conditioning system to turn on and/or change its settings spontaneously while driving; defects which cause an iPhone to not connect while driving; defects which cause the Vehicle's Apple car play to intermittently not function while driving; defects which cause the Vehicle's climate control panel to not respond to touch operation while driving; defects which

cause the Vehicle's spoiler to be loose and move during operation; defects which cause the Vehicle's keyless entry to intermittently be inoperable; defects which cause the Vehicle's key fob trunk to open intermittently; defects which cause the Vehicle's key fob to be inoperable; and defects which cause the Vehicle's forward alert warning to illuminate while driving.

8.      Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale.  By serving this Complaint, Plaintiff does so again.  Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.  In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

**First Cause of Action**

**By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC and DOES 1 to 30**

**Breach of the Implied Warranty of Merchantability**

**Cal. Civ. Code § 1794**

9.      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

10.     Pursuant to Civil Code §§ 1792 and 1791.1, the sale of the Vehicle was accompanied by Defendant Warrantor's implied warranty of merchantability.  The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant Warrantor.

11.     The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements:  (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

/ / /

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
600 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

12.    During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above.  The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

13.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

**Second Cause of Action**

**By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC**

**and DOES 1 to 30**

**Breach of the Implied Warranty of Fitness**

**Cal. Civ. Code § 1794**

14.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

15.    Defendant Warrantor is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant Warrantor's skill or judgment to select or furnish suitable goods.

16.    Pursuant to Civil Code § 1792.1, the sale of the Vehicle was accompanied by Defendant Warrantor's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose.  The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant Warrantor.

17.    On or about August 28, 2022, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above.  The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

- 4 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

18.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to Civil Code § 1794.

### Third Cause of Action

**By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC and DOES 1 to 40**

**Breach of Express Warranty**

**Cal. Civ. Code § 1794**

19.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

20.     In accordance with Defendant Warrantor's warranty, Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state to perform warranty repairs. Plaintiff may continue to do so even after this lawsuit is filed. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant Warrantor and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

21.     In addition, Defendant provided a warranty by virtue of a sample or model. However, the Vehicle did not conform to the sample or model that Defendant provided.

22.     Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794(a).

23.     Civil Code § 1794(a) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

- 5 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

1   24.   Defendant Warrantor's failure to comply with its obligations under the express

2   warranty was willful, in that Defendant Warrantor and its representative were aware of their

3   obligation to repair the Vehicle under the express warranty, but they intentionally declined to

4   fulfill that obligation.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's

5   actual damages pursuant to Civil Code § 1794(c).

6   **Fourth Cause of Action**

7   **By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC**

8   **and DOES 1 to 40**

9   **Failure to Promptly Repurchase Product**

10   **Cal. Civ. Code § 1793.2(d)**

11   25.   Plaintiff incorporates by reference the allegations contained in paragraphs 1

12   through 8, above.

13   26.   Defendant Warrantor and its representatives in this state have been unable to

14   service or repair the Vehicle to conform to the applicable express warranties after a reasonable

15   number of attempts.  Despite this fact, Defendant Warrantor failed to promptly replace the

16   Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2),

17   and will continue to fail to promptly do so even after this lawsuit is filed.

18   27.   Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

19   obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim

20   pursuant to § 1794.

21   28.   Civil Code § 1793.2(d) is a statute that imposes strict liability without regard to

22   intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are

23   persons who are in a position of responsibility which allows them to influence business policies

24   or the activities of the entity Defendants in this action.  There is a nexus between their position in

25   the entity and the violation alleged here such that they could have influenced the actions which

26   constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

27   29.   Defendant Warrantor's failure to comply with its obligations under § 1793.2(d)

28   was willful, in that Defendant Warrantor and its representative were aware that they were unable

- 6 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

1    to service or repair the Vehicle to conform to the applicable express warranties after a reasonable

2    number of repair attempts, yet Defendant Warrantor failed and refused to promptly replace the

3    Vehicle or make restitution despite Plaintiff's demand.  Accordingly, Plaintiff is entitled to a

4    civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

5         30.    Despite Defendant Warrantor's violation of § 1793.2(d) and its notice thereof,

6    Defendant Warrantor failed to comply with its obligations within a reasonable time.

7    Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages

8    pursuant to Civil Code § 1794(e).

9         31.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the

10   alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

**Fifth Cause of Action**

**By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC**

**and DOES 1 to 40**

**Failure to Commence Repairs Within a Reasonable Time**

**Cal. Civ. Code § 1794**

16        32.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

17   through 8, above.

18        33.    Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative

19   in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and

20   its representative failed to commence the service or repairs within a reasonable time.

21        34.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

22   obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

23        35.    Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to

24   intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are

25   persons who are in a position of responsibility which allows them to influence business policies

26   or the activities of the entity Defendants in this action.  There is a nexus between their position in

27   the entity and the violation alleged here such that they could have influenced the actions which

28   constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

- 7 -

36. Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to commence repair within a reasonable time, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

**Sixth Cause of Action**

**By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC and DOES 1 to 40**

**Failure to Complete Repairs Within 30 Days**

**Cal. Civ. Code § 1794**

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

38. Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and its representative failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

39. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

40. Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

41. Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within

- 8 -

1   30 days, yet they failed to do so.  Accordingly, Plaintiff is entitled to a civil penalty of two times

2   Plaintiff's actual damages pursuant to § 1794(c).

3                              **Seventh Cause of Action**

4   **By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC**

5                              **and DOES 1 to 40**

6            **Failure to Maintain Sufficient Service and Repair Facilities**

7                              **Cal. Civ. Code § 1794**

8            42.      Plaintiff incorporates by reference the allegations contained in paragraphs 1

9   through 8, above.

10           43.      Defendant Warrantor has failed to maintain in this state sufficient service and

11  repair facilities reasonably close to all areas where its consumer goods are sold to carry out the

12  terms of the warranties or to designate and authorize in this state as service and repair facilities

13  independent repair or service facilities reasonably close to all areas where its consumer goods are

14  sold to carry out the terms of the warranty as required by Civil Code § 1793.2(a).

15           44.      Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

16  obligations pursuant to § 1793.2(a), and therefore brings this claim pursuant to § 1794.

17           45.      Civil Code § 1793.2(a) is a statute that imposes strict liability without regard to

18  intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are

19  persons who are in a position of responsibility which allows them to influence business policies

20  or the activities of the entity Defendants in this action.  There is a nexus between their position in

21  the entity and the violation alleged here such that they could have influenced the actions which

22  constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

23           46.      Defendant Warrantor's failure to comply with its obligations under § 1793.2(a)

24  was willful, in that Defendant was aware that it was obligated to maintain in this state sufficient

25  service and repair facilities reasonably close to all areas where its consumer goods are sold to

26  carry out the terms of the warranties or to designate and authorize in this state as service and

27  repair facilities independent repair or service facilities reasonably close to all areas where its

28  consumer goods are sold to carry out the terms of the warranty, yet it failed to do so.

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-0560

- 9 -

1    Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages

2    pursuant to § 1794(c).

3                                **Eighth Cause of Action**

4    **By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC**

5                                **and DOES 1 to 40**

6                **Failure to Make Service Literature and Parts Available**

7                                **Cal. Civ. Code § 1794**

8        47.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

9    through 8, above.

10       48.    Defendant Warrantor has failed to make available to authorized service and repair

11   facilities sufficient service literature and replacement parts to effect repairs during the express

12   warranty period, as required by Civil Code § 1793.2(a)(3).

13       49.    Plaintiff has been damaged by Defendant Warrantor's failure to comply with its

14   obligations pursuant to § 1793.2(a)(3), and therefore brings this claim pursuant to § 1794.

15       50.    Civil Code § 1793.2(a)(3) is a statute that imposes strict liability without regard to

16   intent and which is intended to protect the general welfare.  Defendants DOES 31 to 40 are

17   persons who are in a position of responsibility which allows them to influence business policies

18   or the activities of the entity Defendants in this action.  There is a nexus between their position in

19   the entity and the violation alleged here such that they could have influenced the actions which

20   constituted the violations.  Their actions or inactions facilitated the violations alleged herein.

21       51.    Defendant Warrantor's failure to comply with its obligations under § 1793.2(a)(3)

22   was willful, in that Defendant Warrantor was aware that it was obligated to make available to its

23   authorized service and repair facilities sufficient service literature and replacement parts to effect

24   repairs during the express warranty period, yet it failed to do so.  Accordingly, Plaintiff is

25   entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

26   / / /

27

28

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
600 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

**Ninth Cause of Action**

**By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC**

**and DOES 1 to 30**

**Advertising Defective Merchandise Without Disclosing Defects**

**Bus. & Prof. Code, § 17531; § 17535**

52.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

53.     On or about August 28, 2022, Defendant Warrantor advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

54.     The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or on any billboard, card, label, or other advertising medium, or by means of another advertising device.

55.     Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant Warrantor's violation of Business & Professions Code section 17531. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant Warrantor from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

///

Complaint; Demand For Electronic Service; Demand For Jury Trial

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

**Tenth Cause of Action**

**By Plaintiff James Evans Against Defendants Jaguar Land Rover North America, LLC**

**and DOES 1 to 30**

**Conversion**

56.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

57.     Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification.  (*Farmers Ins. Ex. v. Zerin* (1997) 53 Cal.App.4th 445, 451-52.)  Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

58.     Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

59.     As a result of Defendant's conversion, Plaintiff has suffered damages.

60.     Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294.  Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so.  In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution.  Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle until Defendant makes restitution, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

**Eleventh Cause of Action**

**By Plaintiff James Evans Against Defendants DOES 41 to 50**

**Negligence**

61.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

62.     Defendants DOES 41 to 50 (hereafter "Defendant Dealer") are engaged in the business of providing service or repair to new or used consumer goods.

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
608 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

- 12 -

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

63.     In undertaking to perform those services, Defendant Dealer had a duty to perform those services in a good and workmanlike manner.

64.     On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer.  However, Defendant Dealer breached its duty to Plaintiff to perform those repairs in a good and workmanlike manner.

65.     As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

### Twelfth Cause of Action

### By Plaintiff James Evans Against Defendants DOES 41 to 50

### Violation of Civil Code § 1796.5

66.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

67.     Defendants DOES 41 to 50 (hereafter "Defendant Dealer") are individuals, partnerships, corporations, associations, or some other kind of legal relationship which engage in the business of providing service or repair to new or used consumer goods.

68.     Pursuant to Civil Code section 1796.5, Defendant Dealer had a duty to the purchaser to perform those services in a good and workmanlike manner.

69.     On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer.  However, Defendant Dealer breached their duty to Plaintiff to perform those services in a good and workmanlike manner.

As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

///

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
608 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

**Thirteenth Cause of Action**

**Fraud**

**By Plaintiff James Evan Against Defendants Jaguar Land Rover North America, LLC and DOES 1 to 30**

70.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-70, inclusive, as though fully set forth herein.

71.     On or about August 28, 2022, Defendant defrauded Plaintiff both by concealing material facts and by making a promise without an intention to perform the promise.

72.     Specifically, on or about August 28, 2022, Defendant and representatives employed by it whose identities are currently unknown to Plaintiff knew that the vehicle had the defects described in paragraph 7, above.  Defendant was bound to disclose these facts to Plaintiff because Defendant knew of the facts and knew that Plaintiff had no means to discover the facts. Defendant was also bound to disclose the defects to Plaintiff because Defendant provided Plaintiff with other facts about the Vehicle, including, but not limited to, a detailed description of the components, features, and benefits of the Vehicle.

73.     In addition, Defendant and representatives employed by it whose identities are currently unknown to Plaintiff failed to disclose that there were undisclosed limitations on its performance of its obligations under the warranty.  Defendant was bound to disclose these facts to Plaintiff because Defendant knew of the limitations and knew that Plaintiff had no means to discover them. Defendant was also bound to disclose the limitations because Defendant represented that it would provide Plaintiff with a warranty and did provide Plaintiff with a written warranty.  Failing to disclose the limitations on the warranty was misleading.

74.     Defendant concealed or suppressed these material facts with the intent to defraud and to induce Plaintiff to purchase the Vehicle.  At the time that Plaintiff acted, Plaintiff was unaware of the concealed or suppressed facts and would not have purchased the Vehicle if Plaintiff had known the facts.

- 14 -

75.     In addition, Defendant made a promise about a material matter without any intention of performing it. Specifically, on or about August 28, 2022, Defendant represented that if the Vehicle developed certain defects during the warranty period and if Plaintiff presented the Vehicle for repairs to one of its authorized dealerships, the defect would be repaired. Defendant made these representations both in the written warranty that Plaintiff received at the time of purchase as well as in a written brochure and in television, radio, and internet advertisements. Plaintiff does not know the name of the individuals employed by Defendant who prepared these materials.

76.     Defendant had no intention of performing this promise because (1) it does not adequately train its dealers to diagnose and repair all of the potential defects that might arise with the Vehicle (including, but not limited to, the ones that Plaintiff experienced), (2) it does not ensure that its dealers are willing to and capable of diagnosing and repairing all of the potential defects that might arise with the Vehicle (including, but not limited to, the ones that Plaintiff experienced), (3) it does not maintain policies and procedures that ensure that dealers and technicians will properly diagnose and repair all potential defects that might arise with the Vehicle (including, but not limited to, the ones that Plaintiff experienced), (4) it does not adequately compensate its dealers for performing repairs in some cases (including, but not limited to, the defects that Plaintiff experienced), (5) it does not ensure that its dealers actually do repair all potential defects that might arise with the Vehicle (including, but not limited to, the ones that Plaintiff experienced), (6) it has adopted policies and procedures which prevent its dealers from repairing all potential defects that might arise with the vehicle (including, but not limited to, the ones that Plaintiff experienced), (7) it knows that some of its dealers are unwilling or unable to repair all of the potential defects that might arise with the Vehicle (including, but not limited to, the ones that Plaintiff experienced), and/or (8) the dealers that Plaintiff visited were actually unable to diagnose and repair the defects that Plaintiff experienced.

77.     Defendant's promise was made with the intent to defraud and induce Plaintiff to purchase the Vehicle. At the time Plaintiff acted, Plaintiff was unaware of Defendant's intention

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
600 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

- 15 -

1   not to perform the promise. Plaintiff purchased the Vehicle in justifiable reliance upon the

2   promise.

3        78.    Because of Plaintiff's justifiable reliance upon Defendant's conduct, Plaintiff has

4   been damaged in the amount of at least $121,000.84.

5        79.    Plaintiff's agreement to purchase the Vehicle is subject to the provisions of Civil

6   Code § 2986.10, which provides that "[a]n assignee of the lessor's rights is subject to all equities

7   and defenses of the lessee against the lessor, notwithstanding an agreement to the contrary . . . ."

8   Defendants DOES 10 through 19 are or, at one time, were assignees of the purchase and are thus

9   subject to all equities and defenses which Plaintiff could assert against the lessor.

10   Defendants DOES 30 to 50 are persons who aided, abetted, and/or ratified the fraudulent conduct

11   alleged in this cause of action.

<b>Prayer</b>

13   PLAINTIFF PRAYS for judgment against Defendants as follows:

14        1.    For Plaintiff's damages in the amount of at least $121,000.84.

15        2.    For restitution to Plaintiff in the amount of at least $121,000.84.

16        3.    On Plaintiff's Fourth Cause of Action, for a declaration that Defendant is legally

17   required to repurchase or replace Plaintiff's Vehicle pursuant to subdivision (d)(2) of Civil Code

18   section 1793.2, to make restitution to Plaintiff pursuant to that same section, and to brand the

19   title as required by subdivision (c) of Civil Code section 1793.23.

20        4.    On Plaintiff's Third Cause of Action, for a civil penalty for each violation in the

21   amount of not more than $242,001.68 pursuant to Civil Code § 1794(c) and (e).

22        5.    On Plaintiff's Fourth Cause of Action, for a civil penalty for each violation in the

23   amount of not more than $242,001.68 pursuant to Civil Code § 1794(c).

24        6.    On Plaintiff's Fifth Cause of Action, for a civil penalty for each violation in the

25   amount of not more than $242,001.68 pursuant to Civil Code § 1794(c).

26        7.    On Plaintiff's Sixth Cause of Action, for a civil penalty for each violation in the

27   amount of not more than $242,001.68 pursuant to Civil Code § 1794(c).

28

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
608 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

1        8.     On Plaintiff's Seventh Cause of Action, for a civil penalty for each violation in

2 the amount of not more than $242,001.68 pursuant to Civil Code § 1794(c).

3        9.     On Plaintiff's Eighth Cause of Action, for a civil penalty for each violation in the

4 amount of not more than $242,001.68 pursuant to Civil Code § 1794(c).

5       10.    For an order enjoining Defendants from engaging in any act or practice

6 constituting a violation of Business & Professions Code section 17531.

7       11.    For punitive damages.

8       12.    For any consequential and incidental damages.

9       13.    For costs of the suit and Plaintiff's reasonable attorneys' fees.

10      14.    For prejudgment interest at the legal rate.

11      15.    And for such other relief as the Court may deem proper.

12                 **Demand for Electronic Service**

13     Plaintiff requests electronic service. Plaintiff's counsel's electronic service address is

14 "firm@goldsmithwest.com". Pursuant to subdivision (e)(2) of Code of Civil Procedure section

15 1010.6, any party who is represented by counsel is required to electronically serve Plaintiff's

16 counsel with any notice or document that is permitted to be served by mail, express mail,

17 overnight delivery, or facsimile transmission.

18                    **Demand for Jury Trial**

19     Plaintiff demands a jury trial on all causes of action asserted herein.

20 Dated: July 18, 2024

                              GOLDSMITH WEST, A Professional Law

21                               Corporation

22

23                        By:

24                               David A. Goldsmith

                              Attorney for Plaintiff James Evans

25

26

27

28

GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION
609 DEEP VALLEY DRIVE, SUITE 200
ROLLING HILLS ESTATES, CALIFORNIA 90274
TELEPHONE: +1 (310) 620-8560

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Goldsmith (SBN 232457); Phuc Minh ("Peter") Le (SBN 313323)<br>GOLDSMITH WEST, A PROFESSIONAL LAW CORPORATION<br>609 Deep Valley Drive, Suite 200, Rolling Hills Estates, California 90274<br>TELEPHONE NO.: +1 (310) 620-8560   FAX NO. *(Optional):* +1 (310) 861-5527<br>E-MAIL ADDRESS: firm@goldsmithwest.com<br>ATTORNEY FOR *(Name):* Plaintiff James Evans | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**07/18/2024 at 04:28:00 PM**<br>By: Darrell Drew,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Oakland- Rene C. Davidson Courthouse

CASE NAME:
**James Evans v. Jaguar Land Rover North America, LLC et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [XX] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **24CV083947** |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[XX] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [XX] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [XX] monetary b. [XX] nonmonetary; declaratory or injunctive relief c. [XX] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is [XX] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 18, 2024

David Goldsmith
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | JAMES EVANS v. JAGUAR LAND ROVER NORTH AMERICA, LLC | Case Number: |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

*Electronically Received 07/18/2024 04:28 PM*

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [X] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful Detainer - drugs  **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

## Hayward Hall of Justice

## 24405 Amador Street, Hayward, CA 94544

**FILED**
Superior Court of California
County of Alameda

07/18/2024

Clad Fixke, Executive Officer / Clerk of the Court

By: _____ Deputy

D. Drew

PLAINTIFF(S):

## James Evans

DEFENDANT(S):

## Jaguar Land Rover North America, LLC

**NOTICE OF CASE ASSIGNMENT**

CASE NUMBER:

24CV083947

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Victoria Kolakowski |
| DEPARTMENT: | 518 |
| LOCATION: | Hayward Hall of Justice |
| | 24405 Amador Street, Hayward, CA 94544 |
| PHONE NUMBER: | (510) 690-2727 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept518@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Victoria Kolakowski
DEPARTMENT 518

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."  The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

D. Drew, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**